UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

- - - - - - - - - - - - - - - - - - - - - - - - - X

MIGRANT JUSTICE, *et al.*,

                  Plaintiffs,

   - against -

KIRSTJEN NIELSEN, *et al.*,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

**ANSWER TO FIRST
AMENDED COMPLAINT**

Docket No. 18–CV–0192 (GWC)

      Defendants Kevin McAleenan, Acting Secretary of the U.S. Department of Homeland Security ("DHS"), Matthew Albence, Acting Director, U.S. Immigration and Customs Enforcement ("ICE"), Nathalie Asher, ICE/DHS Executive Associate Director, Enforcement and Removal Operations,[1] and the United States of America (collectively referred to as the "Federal Defendants"),[2] by their attorney, RICHARD P. DONOGHUE, United States Attorney for the Eastern District of New York, RACHEL G. BALABAN and ALEX S. WEINBERG, Assistant United States Attorneys, of counsel, answer the correspondingly numbered paragraphs of plaintiffs' First Amended Complaint upon information and belief as follows:

      1.     Federal Defendants lack knowledge or information sufficient to form a belief as to the

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kevin McAleenan, Acting Secretary of DHS, Matthew Albence, Acting Director, ICE, and Nathalie Asher, ICE/DHS Executive Associate Director, Enforcement and Removal Operations, should be substituted for the named defendants Kirstjen Nielsen, Secretary of DHS, Ronald Vitiello, Deputy/Acting Director, ICE, and Matthew Albence, ICE/DHS Executive Associate Director, respectively, as the defendants in this action. *See* Fed. R. Civ. P. 25(d). Federal Defendants respectfully request that the Clerk of the Court update the docket and caption accordingly.

[2] Defendant Wanda Minoli, Vermont Department of Motor Vehicles Commissioner, is represented by the Vermont Office of the Attorney General. Commissioner Minoli's answer is due to be filed July 15, 2019. *See* ECF Dkt. No. 38.

truth of the allegations contained in paragraph 1 and accordingly, deny, except to admit that Migrant Justice organizes and advocates for Vermont's immigrant farmworkers.

2.     Federal Defendants deny the allegations in paragraph 2, except to admit that Migrant Justice has publicly criticized ICE.

3.     Federal Defendants deny the allegations in paragraph 3.

4.     Federal Defendants deny the allegations in paragraph 4.

5.     Federal Defendants deny the allegations in paragraph 5, except to admit that at certain times, ICE has received certain information from the Vermont Department of Motor Vehicles (the "Vermont DMV").

6.     The allegations contained in paragraph 6 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations set forth in the first and fourth sentences contained in paragraph 6, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 and accordingly, deny.

7.     Federal Defendants deny the allegations in paragraph 7.

8.     The allegations contained in paragraph 8 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

9.     The allegations contained in paragraph 9 constitute legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations, except to admit that plaintiffs purport to allege subject

matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1346, and 42 U.S.C. § 1983, and that the Court has authority to grant relief pursuant to 28 U.S.C. § 2201.

10.     The allegations contained in paragraph 10 constitute legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations, except to admit that plaintiffs purport to allege that venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and (e).

11.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and accordingly, deny.

12.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and accordingly, deny.

13.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and accordingly, deny.

14.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and accordingly, deny.

15.     Federal Defendants deny the allegations in paragraph 15, except to admit that Kevin McAleenan is the Acting Secretary of DHS.

16.     Federal Defendants deny the allegations in paragraph 16, except to admit that Matthew Albence is the Acting Director of ICE.

17.     Federal Defendants deny the allegations in paragraph 17, except to admit that Nathalie Asher is the ICE/DHS Executive Associate Director, Enforcement and Removal Operations.

18.     The allegations contained in paragraph 18 constitute legal conclusions to which no

response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations, except to admit that defendants Kevin McAleenan, Acting Secretary of DHS, Matthew Albence, Acting Director, ICE, and Nathalie Asher, ICE/DHS Executive Associate Director, Enforcement and Removal Operations, are federal employees.

19.     The allegations contained in paragraph 19 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations, except to admit that the United States is sued as a defendant in this lawsuit.

20.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and accordingly, deny.

21.     The allegations contained in paragraph 21 constitute plaintiffs' characterization of their lawsuit to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations, except to admit that plaintiffs have brought this lawsuit against the Federal Defendants and the Vermont DMV.

22.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and accordingly, deny.

23.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and accordingly, deny.

24.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and accordingly, deny.

25.     Federal Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 25 and accordingly, deny.

26.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and accordingly, deny.

27.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and accordingly, deny.

28.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and accordingly, deny.

29.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and accordingly, deny.

30.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and accordingly, deny.

31.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and accordingly, deny.

32.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and accordingly, deny, except to admit that ICE granted Danilo Lopez two stays of removal, the first on July 10, 2013 for a period of one year, and the second on July 9, 2014, which was valid until December 22, 2015.

33.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and accordingly, deny.

34.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence contained in paragraph 34 and accordingly, deny.  The second sentence of

paragraph 34 consists of plaintiffs' characterization of certain aspects of a Vermont statute, to which no response is required. To the extent a response is required, Federal Defendants aver that the statute speaks for itself.

35.     Paragraph 35 consists of plaintiffs' characterization of certain aspects of a Vermont statute, to which no response is required. To the extent a response is required, Federal Defendants aver that the statute speaks for itself.

36.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and accordingly, deny.

37.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and accordingly, deny.

38.     The first sentence of paragraph 38 consists of plaintiffs' characterization of certain aspects of a Vermont statute, to which no response is required. To the extent a response is required, Federal Defendants aver that the statute speaks for itself. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 38 and accordingly, deny.

39.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and accordingly, deny.

40.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and accordingly, deny, except to admit that Migrant Justice organizes and advocates for Vermont's immigrant farmworkers.

41.     Federal Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 41 and accordingly, deny.

42. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and accordingly, deny.

43. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and accordingly, deny.

44. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and accordingly, deny.

45. Federal Defendants deny the allegations in paragraph 45, except to admit that at certain times, ICE has received certain information from the Vermont DMV.

46. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and accordingly, deny.

47. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and accordingly, deny.

48. Federal Defendants deny the allegations in paragraph 48, except to admit that ICE has detained and/or arrested certain individuals who may have been affiliated with Migrant Justice, including the individual plaintiffs, in accordance with ICE's policies and procedures.

49. Federal Defendants deny the allegations in paragraph 49.

50. Federal Defendants deny the allegations in paragraph 50, except to admit that ICE has detained and/or questioned certain individuals who may have been affiliated with Migrant Justice, including the individual plaintiffs, in accordance with ICE's policies and procedures.

51. Federal Defendants admit the allegations in paragraph 51.

52.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and accordingly, deny.

53.     Federal Defendants deny the allegations in paragraph 53, except to admit that ICE arrested plaintiff Jose Victor Garcia Diaz ("Diaz") and that Diaz was with plaintiffs Zully Palacios Rodriguez ("Palacios Rodriguez") and Jose Enrique Balcazar Sanchez ("Balcazar Sanchez") at the time of his arrest.

54.     Paragraph 54 consists of plaintiffs' characterization of the contents of ICE paperwork, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in paragraph 54, except to admit that ICE arrested Diaz, to aver that the referenced documents speak for themselves, and to refer the Court to the referenced documents for their complete contents.

55.     Federal Defendants deny the allegations in paragraph 55, except to admit that ICE questioned Diaz and retrieved certain identifying documents from his person during his arrest and/or detention.

56.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and accordingly, deny.

57.     Federal Defendants deny the allegations in paragraph 57, except to admit that ICE arrested Alberto Sanchez Perez ("Perez"), that Perez had no criminal record, and that ICE questioned Perez and held him overnight at an ICE facility.

58.     Federal Defendants deny the allegations in paragraph 58.

59.     Federal Defendants deny the allegations in paragraph 59, except to admit that ICE

8

arrested and detained Miguel Alcudia Gamas ("Gamas") and that Gamas had no criminal record at the time of his arrest.

60.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and accordingly, deny.

61.     Federal Defendants admit the allegations in paragraph 61.

62.     Federal Defendants deny the allegations in paragraph 62, except to admit that ICE received certain information from the Vermont DMV, to aver that the referenced document speaks for itself, and to refer the Court to the referenced document for its complete content.

63.     Paragraph 63 consists of plaintiffs' characterization of the contents of an ICE memorandum, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in paragraph 63, aver that the referenced document speaks for itself, and refer the Court to the referenced document for its complete content.

64.     Federal Defendants admit the allegations in paragraph 64.

65.     Federal Defendants deny the allegations in paragraph 65.

66.     Paragraph 66 consists of plaintiffs' characterization of the contents of an ICE document, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in paragraph 66, aver that the referenced document speaks for itself, and refer the Court to the referenced document for its complete content.

67.     Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first and second sentences of paragraph 67 and accordingly, deny, except to admit that at certain times Migrant Justice held protests at the ICE office in St. Albans, Vermont.  The third

sentence of paragraph 67 consists of plaintiffs' characterization of the contents of ICE documents, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the third sentence of paragraph 67, aver that the referenced documents speak for themselves, and refer the Court to the referenced documents for their complete contents.

68.  Federal Defendants deny the allegations in paragraph 68, except to admit that ICE arrested Arturo Ruiz Rodriguez ("Rodriguez") outside of his home and that Rodriguez had no criminal record at the time of his arrest.

69.  Federal Defendants deny the allegations in paragraph 69, except to admit that ICE arrested Rodriguez and, at the time of the arrest, Rodriguez informed ICE that his son was inside Rodriguez's home.

70.  Federal Defendants deny the allegations in paragraph 70.

71.  Federal Defendants deny the allegations in paragraph 71, except to admit that ICE arrested Cesar Alexis Carrillo on March 15, 2017, to aver that the referenced document speaks for itself, and to refer the Court to the referenced document for its complete content.

72.  Federal Defendants deny the allegations in paragraph 72.

73.  Federal Defendants deny the allegations in paragraph 73.

74.  Federal Defendants deny the allegations in paragraph 74, except to admit that at the time of their arrests, plaintiffs Palacios Rodriguez and Balcazar Sanchez did not have criminal records.

75.  Federal Defendants deny the allegations in paragraph 75, except to admit that at certain times ICE used confidential source(s) in connection with the arrests of certain individuals;

lack knowledge or information sufficient to form a belief as to the second sentence of paragraph 75; aver that any text messages speak for themselves; and refer the Court to the referenced messages for their complete contents.

76.     Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 76 and accordingly, deny.

77.     Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 77 and accordingly, deny.

78.     Federal Defendants deny the allegations in paragraph 78, except to admit that at certain times, ICE used confidential source(s) in connection with the arrests of certain individuals; lack knowledge or information sufficient to form a belief as to the second sentence of paragraph 78; aver that any ICE emails speak for themselves; and refer the Court to the referenced emails for their complete contents.

79.     Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 79 and accordingly, deny.

80.     Federal Defendants deny the allegations in paragraph 80, except to admit that ICE arrested Palacios Rodriguez, to aver that the referenced documents speak for themselves, and to refer the Court to the referenced documents for their complete contents.

81.     Federal Defendants deny the allegations in paragraph 81, except to admit that ICE arrested Palacios Rodriguez, to aver that the referenced documents speak for themselves, and to refer the Court to the referenced documents for their complete contents.

82.     Federal Defendants deny the allegations in paragraph 82, except to admit that ICE

arrested Palacios Rodriguez and Balcazar Sanchez, to aver that the referenced documents speak for themselves, and to refer the Court to the referenced documents for their complete contents.

83.     Federal Defendants deny the allegations in paragraph 83, except to admit that ICE requested certain information regarding Balcazar Sanchez from the Vermont DMV, to aver that the referenced documents speak for themselves, and to refer the Court to the referenced documents for their complete contents.

84.     Federal Defendants deny the allegations in paragraph 84, except to admit that ICE received certain information regarding Balcazar Sanchez from the Vermont DMV, to aver that the referenced documents speak for themselves, and to refer the Court to the referenced documents for their complete contents.

85.     Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 85 and accordingly, deny.

86.     Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 86 and accordingly, deny.  Federal Defendants deny the allegations in the second sentence of paragraph 86, aver that the referenced document speaks for itself, and refer the Court to the referenced document for its complete content.

87.     Federal Defendants deny the allegations in paragraph 87, except to admit that ICE Agent Goff retrieved Palacios Rodriguez's phone, unbuckled her seatbelt, and removed her from the vehicle.

88.     Federal Defendants deny the allegations in paragraph 88, except to admit that ICE agents restrained Balcazar Sanchez with the use of handcuffs.

12

89.     Federal Defendants deny the allegations in paragraph 89.

90.     Federal Defendants deny the allegations in paragraph 90.

91.     Federal Defendants deny the allegations in paragraph 91.

92.     Federal Defendants deny the allegations in paragraph 92.

93.     Federal Defendants deny the allegations in paragraph 93.

94.     Federal Defendants deny the allegations in paragraph 94, aver that the referenced documents speak for themselves, and refer the Court to the referenced documents for their complete contents.

95.     Federal Defendants deny the allegations in paragraph 95, aver that the referenced documents speak for themselves, and refer the Court to the referenced documents for their complete contents.

96.     Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 96 and accordingly, deny.

97.     Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 97 and accordingly, deny, except to admit that Migrant Justice protested regarding the arrests of Palacios Rodriguez and Balcazar Sanchez.

98.     Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 98 and accordingly, deny.

99.     Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 99 and accordingly, deny.

100.    Federal Defendants deny the allegations in paragraph 100, aver that the referenced

documents speak for themselves, and refer the Court to the referenced documents for their complete contents.

101.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 101 and accordingly, deny.

102.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 102 and accordingly, deny, except to admit that on June 17, 2017, Customs and Border Protection ("CBP") pulled over Esau Peche Ventura ("Ventura") and Yesenia Hernandez Ramos's ("Ramos") vehicle and arrested them.

103.    Federal Defendants deny the allegations in paragraph 103, except to admit that CBP pulled over and arrested Ventura and Ramos and, at some point in time, Ventura and Ramos were in ICE custody.

104.    Federal Defendants deny the allegations in paragraph 104, aver that the referenced documents speak for themselves, and refer the Court to the referenced documents for their complete contents.

105.    Federal Defendants admit the allegations in paragraph 105.

106.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 106 and accordingly, deny.

107.    Federal Defendants deny the allegations in paragraph 107.

108.    Federal Defendants deny the allegations in paragraph 108 and refer the Court to the referenced document for its complete content.

109.    Federal Defendants lack knowledge or information sufficient to form a belief as to the

allegations in paragraph 109, except to admit that ICE arrested Jose Cruz Balcazar Ventura on October 23, 2017.

110.    Federal Defendants deny the allegations in paragraph 110, aver that the referenced documents speak for themselves, and refer the Court to the referenced documents for their complete contents.

111.    Federal Defendants deny the allegations in paragraph 111, aver that the referenced documents speak for themselves, and refer the Court to the referenced documents for their complete contents.

112.    Federal Defendants deny the allegations in paragraph 112.

113.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 113 and accordingly, deny.

114.    Federal Defendants deny the allegations in paragraph 114.

115.    Federal Defendants deny the allegations in paragraph 115, except to admit that CBP arrested Eli Calvo Cruz on October 25, 2018.

116.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 116 and accordingly, deny.  Federal Defendants admit the allegations in the second sentence of paragraph 116.

117.    The allegations contained in paragraph 117 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

118.    The allegations contained in paragraph 118 constitute plaintiffs' characterization of

15

their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

119.    The allegations contained in paragraph 119 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

120.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 120 and accordingly, deny.

121.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first and second sentences of paragraph 121 and accordingly, deny.  Federal Defendants deny the allegations in the third and last sentences of paragraph 121, aver that the referenced documents speak for themselves, and refer the Court to the referenced documents for their complete contents.

122.    The allegations contained in paragraph 122 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

123.    The allegations contained in paragraph 123 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

124.    The allegations contained in paragraph 124 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

125.    The allegations contained in paragraph 125 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

126.    The allegations contained in paragraph 126 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

127.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 127 and accordingly, deny.

128.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 128 and accordingly, deny.

129.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 129 and accordingly, deny.

130.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 130 and accordingly, deny.

131.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 131 and accordingly, deny.

132.    Federal Defendants deny the allegations in paragraph 132.

133.    Federal Defendants deny the allegations in paragraph 133.

134.    Federal Defendants deny the allegations in paragraph 134.

135.    The allegations contained in paragraph 135 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph

may be deemed to contain factual allegations, Federal Defendants deny the allegation in the first sentence of paragraph 135 and lack knowledge or information sufficient to form a belief as to the remaining allegations and accordingly, deny.

136.    The allegations contained in paragraph 136 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegation in the first sentence of paragraph 136 and lack knowledge or information sufficient to form a belief as to the remaining allegations and accordingly, deny.

137.    The allegations contained in paragraph 137 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

138.    Federal Defendants deny the allegations in paragraph 138.

139.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 139 and all of its subparts and accordingly, deny.

140.    Federal Defendants deny the allegations in paragraph 140, aver that the referenced documents speak for themselves, and refer the Court to the referenced documents for their complete contents.

141.    The allegations contained in paragraph 141 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

142.    Federal Defendants lack knowledge or information sufficient to form a belief as to the

allegations in paragraph 142 and accordingly, deny.

143.   Federal Defendants deny the allegations in paragraph 143, except to admit that at certain times the Vermont DMV provided certain information to ICE; lack knowledge or information sufficient to form a belief as to the allegations regarding what "DMV staff believed" and accordingly, deny; aver that the referenced documents speak for themselves; and refer the Court to the referenced documents for their complete contents.

144.   Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 144 and accordingly, deny.

145.   Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 145 and accordingly, deny.

146.   Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 146 and accordingly, deny.

147.   Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 147 and accordingly, deny.

148.   Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 148 and accordingly, deny.

149.   Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 149 and accordingly, deny.

150.   Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 150 and accordingly, deny.

151.   Federal Defendants lack knowledge or information sufficient to form a belief as to the

allegations in paragraph 151 and accordingly, deny.

152.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 152 and accordingly, deny.

153.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 153 and accordingly, deny.

154.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 154 and accordingly, deny.

155.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 155 and accordingly, deny.

156.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 156 and accordingly, deny.

157.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 157 and accordingly, deny.

158.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 158 and accordingly, deny.

159.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 159 and accordingly, deny.

160.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 160 and accordingly, deny.

161.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 161 and accordingly, deny.

162.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 162 and accordingly, deny.

163.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 163 and accordingly, deny.

164.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 164 and accordingly, deny.

165.    Federal Defendants deny the allegations in paragraph 165, except to admit that at certain times the Vermont DMV provided certain information to ICE, to aver that the referenced documents speak for themselves, and to refer the Court to the referenced documents for their complete contents.

166.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 166 and accordingly, deny.

167.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 167 and accordingly, deny.

168.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 168 and accordingly, deny.

169.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 169 and accordingly, deny.

**AS TO COUNT ONE**
**AGAINST THE FEDERAL DEFENDANTS**

170.    The allegations contained in paragraph 170 constitute a legal conclusion to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

171.    The allegations contained in paragraph 171 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

172.    Federal Defendants deny the allegations in paragraph 172.

173.    Federal Defendants deny the allegations in paragraph 173.

174.    Federal Defendants deny the allegations in paragraph 174.

175.    Federal Defendants deny the allegations in paragraph 175**.**

176.    Federal Defendants deny the allegations in paragraph 176.

**AS TO COUNT TWO**
**AGAINST THE FEDERAL DEFENDANTS**

177.    The allegations contained in paragraph 177 constitute legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

178.    The allegations contained in paragraph 178 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

179.    Federal Defendants deny the allegations in paragraph 179.

180.    Federal Defendants deny the allegations in paragraph 180.

181.    Federal Defendants deny the allegations in paragraph 181.

182.    Federal Defendants deny the allegations in paragraph 182.

183.    Federal Defendants deny the allegations in paragraph 183.

184.    Federal Defendants deny the allegations in paragraph 184.

## AS TO COUNT THREE
## AGAINST THE FEDERAL DEFENDANTS

185.    The allegations contained in paragraph 185 constitute legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

186.    The allegations contained in paragraph 186 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

187.    Federal Defendants deny the allegations in paragraph 187.

188.    Federal Defendants deny the allegations in paragraph 188.

189.    Federal Defendants deny the allegations in paragraph 189.

190.    Federal Defendants deny the allegations in paragraph 190.

## AS TO COUNT FOUR
## AGAINST DEFENDANT MINOLI

191.    The allegations contained in paragraph 191 constitute a legal conclusion to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in

23

paragraph 191 and accordingly, deny.

192.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 192 and accordingly, deny, except to admit that at certain times the Vermont DMV provided certain information to ICE.

193.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 193 and accordingly, deny.

194.    Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 194 and accordingly, deny.

## AS TO COUNT FIVE
## AGAINST DEFENDANT UNITED STATES

195.    The allegations contained in paragraph 195 constitute plaintiffs' characterization of their lawsuit and legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations.

196.    The allegations contained in paragraph 196 constitute legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations, except to admit that plaintiffs filed administrative tort claims on December 8, 2017 and DHS denied the claims on June 11, 2018.

197.    Federal Defendants deny the allegations in paragraph 197.

198.    Federal Defendants deny the allegations in paragraph 198.

199.    Federal Defendants deny the allegations in paragraph 199.

200.    Federal Defendants deny the allegations in paragraph 200.

**AS TO COUNT SIX**
**AGAINST DEFENDANT UNITED STATES**

201.    The allegations contained in paragraph 201 constitute legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations, except to admit that plaintiffs filed administrative tort claims on December 8, 2017 and DHS denied the claims on June 11, 2018.

202.    Federal Defendants deny the allegations in paragraph 202.

203.    Federal Defendants deny the allegations in paragraph 203.

204.    Federal Defendants deny the allegations in paragraph 204.

205.    Federal Defendants deny the allegations in paragraph 205.

**AS TO COUNT SEVEN**
**AGAINST DEFENDANT UNITED STATES**

206.    The allegations contained in paragraph 206 constitute legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, Federal Defendants deny the allegations, except to admit that plaintiff Balcazar Sanchez filed an administrative tort claim on December 8, 2017 and DHS denied the claim on June 11, 2018.

207.    Federal Defendants deny the allegations in paragraph 207.

208.    Federal Defendants deny the allegations in paragraph 208.

209.    Federal Defendants deny the allegations in paragraph 209.

210.    Federal Defendants deny the allegations in paragraph 210.

211.    Federal Defendants deny the allegations in paragraph 211.

The remaining unnumbered paragraphs contains plaintiffs' prayer for relief to which no

response is required. Insofar as a response is required, Federal Defendants deny any factual allegations and plaintiffs' prayer for relief.

Further, all allegations contained in the First Amended Complaint not specifically admitted or denied in the foregoing numbered responses are hereby denied.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST DEFENSE

The Court lacks Article III jurisdiction over some or all of the subject matter of this lawsuit.

### AS AND FOR A SECOND DEFENSE

Plaintiffs lack standing to assert some or all of the claims in the First Amended Complaint.

### AS AND FOR A THIRD DEFENSE

Some or all of Plaintiffs' claims against the United States are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq*.

### AS AND FOR A FOURTH DEFENSE

This action must be dismissed to the extent that it is barred by sovereign immunity.

### AS AND FOR A FIFTH DEFENSE

The Court lacks jurisdiction over some or all of the claims, including but not limited to the extent that plaintiffs' specific claims were not the subject of administrative tort claims and, as a result, have not been administratively exhausted. *See* 28 U.S.C. § 2675(a).

### AS AND FOR A SIXTH DEFENSE

Plaintiffs' recoveries, if any, against the United States are limited to the amount of damages specified in their administrative claims pursuant to 28 U.S.C. § 2675(b).

## AS AND FOR A SEVENTH DEFENSE

In accordance with 28 U.S.C. § 2674, the United States is not liable for interest prior to judgment or for punitive damages.

## AS AND FOR AN EIGHTH DEFENSE

The United States is not liable for attorney's fees except as provided for by the Federal Tort Claims Act.  *See* 28 U.S.C. § 2678.

## AS AND FOR A NINTH DEFENSE

The Complaint should be dismissed to the extent it asserts common law tort claims for which plaintiffs failed to exhaust their administrative remedies under the Federal Tort Claims Act.

## AS AND FOR A TENTH DEFENSE

The Complaint should be dismissed to the extent plaintiffs have failed to allege a constitutional violation.

## AS AND FOR AN ELEVENTH DEFENSE

Federal Defendants' actions did not violate the First Amendment.

## AS AND FOR A TWELTH DEFENSE

The Complaint should be dismissed because the acts and/or omissions of the Federal Defendants were not the proximate cause of any injury to, or deprivation of constitutional rights of, the plaintiffs.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' recovery, if any, is limited by failure to mitigate damages.

## AS AND FOR A FOURTEENTH DEFENSE

The Complaint should be dismissed because the actions of the Federal Defendants were at all times lawful, reasonable, and, when necessary, supported by probable cause.

## AS AND FOR A FIFTEENTH DEFENSE

This action must be dismissed to the extent that the complaint fails to state a claim for which relief can be granted.

## AS AND FOR A SIXTEENTH DEFENSE

Some or all of Plaintiffs' claims against the United States are subject to, and limited by, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq*.

## AS AND FOR A SEVENTEENTH DEFENSE

Federal Defendants' actions were not arbitrary or capricious under the APA.

## AS AND FOR AN EIGHTEENTH DEFENSE

The challenged actions of Federal Defendants are committed to agency discretion by law.

## AS AND FOR A NINETEENTH DEFENSE

Plaintiffs are not entitled to attorneys' fees under the Equal Access to Justice Act.

## AS AND FOR A TWENTIETH DEFENSE

Federal Defendants assert that they have, or may have, additional defenses and/or claims that are not known to them at this time, but which may be ascertained through discovery. Federal Defendants specifically preserve these and other defenses and/or claims as they are ascertained through discovery.

**WHEREFORE**, Federal Defendants respectfully demand judgment dismissing the First Amended Complaint against them, awarding them costs, fees, and disbursements of this action, and granting such other and further relief for them and against plaintiffs as this Court may deem just and proper.

Dated:      Brooklyn, New York
            May 31, 2019

                              RICHARD P. DONOGHUE
                              United States Attorney
                              Eastern District of New York
                              271 Cadman Plaza East
                              Brooklyn, New York 11201

                    By:       _____/s/_____
                              Rachel G. Balaban
                              Alex S. Weinberg
                              Assistant United States Attorneys
                              *Attorneys for Federal Defendants*
                              (718) 254-6028
                              (718) 254-6616
                              rachel.balaban@usdoj.gov
                              alex.weinberg@usdoj.gov

TO:  All Counsel of Record (via ECF)

29